UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**SOLOMON DAVIS,**

|  |  |  |
|---|---|---|
| | Plaintiff, | Case No. |
| v. | | Hon. |

**BIG STAR FISH AND SEAFOOD, INC.,**
and **SALEH OMAR,**

Defendant.

---

**GOLD STAR LAW, P.C.**
**Maia Johnson Braun (P40533)**
**Caitlin E. Malhiot (P76606)**
Attorney for Plaintiff
2701 Troy Center Dr., Ste. 400
Troy, Michigan 48084
(248) 275-5200
*mjohnson@goldstarlaw.com*
*cmalhiot@goldstarlaw.com*

---

## **COMPLAINT**

Plaintiff, Solomon Davis, through his attorneys, Gold Star Law, P.C., for his

Complaint states:

### **PARTIES, JURISDICTION AND VENUE**

1.     Plaintiff Solomon Davis ("Davis") is an individual who resides in

Detroit, Wayne County, Michigan.

2.     Defendant Big Star Fish and Seafood, Inc., ("Big Fish"), is a domestic

profit corporation with its place of business in Detroit, Wayne County, Michigan.

3.      Defendant Saleh Omar ("Omar") is owner, manager, and resident agent of the Defendant Corporation.

4.      This action arises under the Fair Labor Standards Act of 1938 ("FLSA") 29 U.S.C. 201, *et seq.*, and the Michigan Workforce Opportunity Wage Act of 2014 ("WOWA") and jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1367(b).

5.      Defendants reside within this judicial district and the claims asserted in the action arose within this district. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b)

## FACTUAL ALLEGATIONS

6.      Defendants own and operate a seafood market in Detroit, Michigan.

7.      Defendants employed Davis as a butcher/fish cutter and general worker from 1998 until September 21, 2019.

8.      Davis' regular rate of pay during the last three years of his employment was $9.00 per hour.

9.      Davis' regularly scheduled shift was from 9:30am until 8:30pm on Wednesdays and Thursdays, 9:30am until 9:30pm on Fridays and Saturdays, and 11:00 am until 7:00pm on Sundays.

10.     On average, Davis worked 54 hours per week.

11.     Davis was paid $9.00 per hour for all hours worked during the last three years of his employment with Defendants.

12.     Davis did not receive any paystubs from Defendants, Davis was paid in cash.

13.      Defendants' conduct violates the FLSA and the WOWA because Defendants were required to compensate Davis at least minimum wage for all hours worked up to 40 hours per week, and at 1 ½ times his regular rate of pay for any hours worked in excess of forty per week.

14.     Davis was paid less than minimum wage for all hours worked for Defendants in 2018 and 2019.

15.     Defendants required or permitted Davis to work in excess of forty hours per week, but failed to compensate him at least minimum wage for his work in 2018 and 2019 and one and one-half times his regular rate of pay for hours worked in excess of forty per week.

16.     At no time during his employment with Defendants was Davis exempt from the minimum wage and overtime provisions of the FLSA and the WOWA.

17.     All hours worked by Davis, including overtime hours, were worked at the direction and with the sufferance of Defendants.

18.     Defendants' failure to pay minimum wage and overtime was willful, with knowledge, or with reckless disregard of the statutory overtime requirements.

3

## COUNT I
## VIOALTION OF THE FAIR LABOR STANDARDS ACT OF 1938

19.     Davis incorporates the foregoing allegations of this Complaint as if fully stated herein.

20.     Defendants are "employers" within the coverage of the FLSA.   29 U.S.C. 203(d).

21.     Davis is an "employee" within with coverage of the FLSA. 29 U.S.C. 203(e).

22.     Defendants are an "enterprise engaged in commerce" as defined by the FLSA. 29 U.S.C. 203(s).

23.     Defendants violated the FLSA by failing to pay minimum wage for hours worked up to 40 per week, and by failing to pay Davis one and one half times his regular rate of pay for hours worked in excess of 40 per week. 29 U.S.C. § 207(a); 29 U.S.C. § 203(m).

24.     An employer who violates the FLSA is liable to the employee for the difference between the amount paid to the employee and the amount that, but for the violation, would have been paid, plus an additional equal amount as liquidated damages and reasonable attorney fees. 29 U.S.C. § 216(b).

25.     As a direct and proximate cause of Defendants' violation of the FLSA, Davis has sustained damages in the form of unpaid wages and overtime compensation of approximately $11,608.15.

4

## COUNT II
## VIOLATION OF THE WORKFORCE OPPORTUNITY WAGE ACT OF 2014

26.    Davis incorporates the allegations in the foregoing paragraphs of the Complaint as if fully stated herein.

27.    Plaintiff is an "employee" within the coverage of WOWA.

28.    Defendants are "employers" within the coverage of WOWA.

29.    Pursuant to the WOWA, Defendants were required to pay Davis at least minimum wage for all hours worked and at a rate of 1 ½ times his regular rate of pay for all hours worked in excess of 40 hours per week.

30.    Defendants failed to pay Davis at least minimum wage for all hours worked and at a rate of 1 ½ times his regular rate of pay for all hours worked in excess of 40 hours per week, in violation of Section 4(a) of the WOWA.

31.    Pursuant to Section 9 of the WOWA, an employer who violates the WOWA is liable to the employee for the difference between the amount paid to the employee and the amount that, but for the violation, would have been paid, plus an additional equal amount as liquidated damages and reasonable attorney fees.

32.    Based on the applicable minimum wage, and on an average of 54 hours worked each week, Defendants are liable to Davis for at least $11,608.15 in unpaid wages and overtime compensation.

33.     Davis is also entitled to liquidated damages and his costs and attorney fees in having to pursue this action against Defendants

**WHEREFORE**, Plaintiff, Solomon Davis, respectfully requests that this Court awards him at least $11,608.15 in actual unpaid wages, an equal amount as liquidated damages, his reasonable costs and attorney fees, and such other relief as this Court deems just and equitable.

Respectfully submitted,

**GOLD STAR LAW, P.C.**

*/s/ Maia Johnson Braun*
**Maia Johnson Braun (P40533)**
**Caitlin E. Malhiot (P76606)**
Attorneys for Plaintiffs
2701 Troy Center Dr., Ste. 400
Troy, Michigan 48084
(248) 275-5200
*mjohnson@goldstarlaw.com*
*cmalhiot@goldstarlaw.com*

Dated: October 4, 2019